**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DELBERT M. GREENE, ) | |
| ) | 02:03-cv-0035-RCJ-RJJ |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JERRY KELLER, HENRY HOOGLAND, BILL ) | |
| YOUNG, CAPT. MARYILYN ROGAN, ) | |
| ) | |
| Defendants. ) | |

**INTRODUCTION**

This matter comes before the Court on Defendants Jerry Keller, Henry Hoogland, Bill Young, and Capt. Maryilyn Rogan's (collectively "Defendants") Motion for Summary Judgment (#104) and Plaintiff Delbert M. Greene's Motion for Summary Judgment (#106). The Court has considered Plaintiff and Defendants' Motions and the pleadings on file on behalf of all parties. IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is *granted* (#104) and Plaintiff's Motion for Summary Judgment is *denied*. (#106).

**BACKGROUND**

Plaintiff filed the present case in January of 2003 while in the county jail waiting for trial. Plaintiff alleges that while detained the Defendants failed to provide adequate housing and medical care. When Plaintiff was first detained, he spent the day in a holding cell. From his time in the holding cell, Plaintiff alleges that the conditions in the holding cell were inadequate and caused shoulder pain that continued for over a year.

During the next year of his incarceration, Plaintiff received substantial medical care from Defendants. However, the medical care did not relief Plaintiff's shoulder pain. Therefore, Plaintiff requested to see a specialist. In response to Plaintiff's request, Defendants sent Plaintiff to Dr. Rosen, a specialist. Dr. Rosen evaluated Plaintiff and determined that the Plaintiff suffered from "probable degenerative spondylolisthesis at C4-5 with impingement of C5 nerve root." (#115 at 14). Dr. Rosen recommended that an MRI scan be done to more fully evaluate the cervical spine. *Id.* Through an MRI, Dr. Rosen could more fully determine if the patient has nerve impingement, then additional consideration could be given to proper treatment. *Id.* While Plaintiff did not receive the MRI, Defendants continued to provide medical care during Plaintiff's term of incarceration.

### III.    LEGAL ANALYSIS.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). As summary judgment allows a court to dispose of factually unsupported claims, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazari*, 84 F.3d 1194, 1197 (9th Cir. 1996).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Id.* As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

judgment. Factual disputes which are irrelevant or unnecessary will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id*.

    **A.**    **Section 1983 Deprivation of Plaintiff's Constitutional Rights.**

Plaintiff alleges that Defendants violated his constitutional rights by failing to provide adequate living standards and medical attention while he was in the Defendants' care, custody and control. Section 1983 allows individuals to recover relief when government officers (1) acting under color of law, (2) violate their constitutional rights. *Jones v. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). There is no dispute that the Defendants acted under color of state law and that the allegations in the complaint sufficiently allege a violation of Plaintiff's constitutional rights. However, summary judgment is appropriate in favor of Defendants because Plaintiff can present no evidence to support his claims.

    **1.**    **Medical Care.**

Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eight Amendment. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). However, because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, courts apply the same standards. *Id.* Under the Eighth Amendment, jail officials violate a prisoner's constitutional rights if the officials are deliberately indifferent to the detainee's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The government has an obligation to provide medical care for those whom it punishes by incarceration and it cannot be deliberately indifferent to the medical needs of its prisoners.

1  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (citations omitted) (overruled on other

2  grounds). In general, "officials are deliberately indifferent to a prisoner's serious medical needs

3  when they deny, delay, or intentionally interfere with medical treatment." *Hunt v. Dental Dept.*, 865

4  F.2d 198, 201 (9th Cir. 1989). A sufficiently serious medical need not only covers life threatening

5  conditions, but any deliberately indifferent withholding of medical care that results in needless pain

6  and suffering. *Guiteirrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

7  Once the prisoner's medical needs and the nature of the defendant's response to those needs

8  have been established, a determination of whether "deliberate indifference" has been established can

9  be made. *McGuckin*, 974 F.2d at 1060. "The requirement of deliberate indifference is less stringent

10 in cases involving a prisoner's medical needs than in other cases involving harm to incarcerated

11 individuals because the State's responsibility to provide inmates with medical care ordinarily does

12 not conflict with competing administrative concerns." *Id.* (citations omitted). The following

13 minimum requirements must be met to establish deliberate indifference: (1) there must be a

14 purposeful act or failure to act on the part of the defendants and (2) plaintiff must establish that the

15 denial of medical care was harmful. *Id.* at 1061. "Once these prerequisites are met, it is up to the

16 factfinder to determine whether or not the defendant was 'deliberately indifferent' to the prisoner's

17 medical needs." *Id.*

18 There is no genuine issue of material fact as to whether Defendants were deliberately

19 indifferent in providing Plaintiff with the required medical care. Throughout 2002 and 2003,

20 Plaintiff repeatedly received medical care. Furthermore, after a year of medical treatments from

21 prison medical, Plaintiff requested to see a specialist. In response to Plaintiff's request, Defendants

22 sent Plaintiff to Dr. Rosen, a bone and joint specialist, for an evaluation. Dr. Rosen determined that

23 Plaintiff had probable degenerative spondylolisthesis at C4-5 with impingement of C5 nerve root.

24 (#115 at 14). Following this evaluation, Plaintiff has presented no evidence to show deliberate

25

1 indifference–specifically, that Defendants withheld medical care that resulted in needless pain and
2 suffering.

3     Plaintiff argues that by not providing Dr. Rosen's recommended MRI, Defendants acted with
4 deliberate indifference resulting in harm.  This does not constitute deliberate indifference.  Plaintiff
5 has failed to demonstrate that the course of treatment subsequent to seeing Dr. Rosen was medically
6 unacceptable or that they chose the course in conscious disregard of an excessive risk to Plaintiff's
7 health.  *Sisco v. California*, 2007 WL 1470145 (E.D. Cal May 18, 2007) (citing *Toguchi v. Chung*,
8 391 F.3d 1051, 1058 (9th Cir. 2004).  An MRI was certainly one path to take in treating Plaintiff,
9 but there were others.  Dr. Rosen's recommendation recognized that an MRI was not absolutely
10 necessary, but merely a tool to more fully determine if the patient has nerve impingement. (#115 at
11 14).  Plaintiff failed to provide evidence demonstrating that the course of treatment subsequent to
12 visiting Dr. Rosen was unacceptable.

13     Defendants continually provided Plaintiff with proper medical care during his incarceration.
14 Furthermore, Defendants never withheld medical care that resulted in needles pain and suffering.
15 Therefore, Defendants are entitled to summary judgment regarding Plaintiff's claim that Defendants
16 failed to provide adequate medical care during his incarceration.

17     **2.    Living Conditions.**

18     Plaintiff claims that "because [he] was not provided proper sleeping materials and subjected
19 to temperatures of 40 [degrees] or lower; he developed pains within his shoulders, that exist in this
20 time of day, due to having to sleep on holding cell floors for a period of 72 hours." (#37).  When
21 a pretrial detainee invokes a constitutional attack on the conditions and restrictions during their
22 confinement, the proper inquiry is whether "those conditions amount to punishment of the detainee."
23 *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  For a particular government action to constitute
24 punishment, "(1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the

purpose of the governmental action must be to punish the detainee." *Demery*, 378 F.3d at 1029.[1] "The harm or disability caused by the government's actions must either significantly exceed, or be independent of, the inherent discomforts of confinement." *Id.* at 1030 (citing *Bell*, 441 U.S. at 537 ("Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility. And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'")). Legitimate prison objectives include both insuring the detainee's presence at trial and facilitating the effective management of the facility. *Bell*, 441 U.S. at 539-40.

Defendants have properly demonstrated that there is no genuine issue of material fact regarding Plaintiff's claim. Plaintiff cannot establish that his confinement constituted punishment or that his confinement caused him harm. While Plaintiff alleges that the conditions in his holding cell caused his shoulder pain, the evidence demonstrates otherwise. Specifically, Dr. Rosen's report indicates that "[v]iews of the patient's cervical spine show degenerative changes present at multiple levels." (#110, Exhibit A). Dr. Rosen's assessment of Plaintiff's pain is "probable degenerative spondylolisthesis at C4-5 with impingement of C5 nerve root." *Id.* Thus, Plaintiff's condition did not arise from his hours spent in the holding cell, but rather from degenerative problems arising over time. Plaintiff has procured no evidence to contradict Dr. Rosen's evaluation.

---

[1] The test set forth in *Bell* asks "whether there was an express intent to punish, or 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." *Demery*, 378 F.3d at 1028 (citing *Bell*, 441 U.S. at 538). Finally, the means employed cannot be "excessive in relation to the alternative purpose. *Bell*, 441 U.S. at 538.

Furthermore, there are legitimate objectives to placing pretrial detainees in a holding cell. A holding cell facilitates the effective management of the facility. Plaintiff has not argued otherwise. Since Plaintiff cannot demonstrate that his conditions of confinement constitute punishment or that he suffered some harm from the 72-hours he spent in the holding cell, Defendants' Motion for Summary Judgment is *granted*.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is *granted*. (#104). Throughout Plaintiff's incarceration he continually received adequate medical care. Plaintiff cannot point to an instance where Defendants deliberately withheld medical care that resulted in needless pain and suffering. Furthermore, Plaintiff cannot establish that his living conditions constituted a punishment resulting in harm.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is *denied*. (#106).

DATED: March 14, 2008

_____
ROBERT C. JONES
UNITED STATES DISTRICT COURT JUDGE